Commonwealth *v.* Dillane.

## COMMONWEALTH *vs.* JAMES DILLANE.

A complaint alleging that the defendant on a certain day sold intoxicating liquors to D. C. H., in violation of the statute, and " also that the said" defendant on another day sold intoxicating liquors to D. D. H., in violation of the same statute, contains two counts, and an acquittal of the defendant from the first sale charged is no bar to a trial for the second; and the complaint is not bad for duplicity.

After an appeal duly certified and entered from a judgment of the police court, convicting the defendant of an unlawful sale of intoxicating liquors, he cannot object that the record of that court shows a continuance, and does not show that he recognized to appear on the same day, or that he appeared at all on that day or was present at the trial in that court.

A complaint to a police court for an unlawful sale of intoxicating liquors, signed by the complainant, and certified as subscribed and sworn to before the justice, is properly subscribed and sworn to.

It is no ground for dismissing an appeal, or arresting judgment in the court of common pleas, on a complaint for selling intoxicating liquors, that the record does not show that the complainant was examined in the court below in presence of the defendant.

If an offence proved on a trial in the court of common pleas corresponds with that alleged in the complaint, the presumption is that it is the same of which the defendant was convicted below; and the jury may consider other evidence besides the record in deciding whether it is the same.

The time of an unlawful sale of intoxicating liquors need not be proved as alleged.

The quantity of intoxicating liquors unlawfully sold need not be exactly proved as alleged.

COMPLAINT .to the police court of Chicopee, alleging that the defendant on the 1st of April 1857 at Chicopee, " not then and there having any license, appointment or authority therefor first duly had and obtained according to law, did then and there sell to Daniel C. Hart, of Springfield in said county, a quantity of intoxicating liquor, to wit, one gill of intoxicating liquor," in violation of the provisions of the *St.* of 1855, *c.* 215 ; and, in a separate paragraph, " Also that the said James Dillane " on the 2d of January 1858 at Chicopee, " not then and there having any license, appointment or authority therefor first duly had and obtained according to law, did then and there sell to Daniel D. Hart, of said Chicopee, a quantity of intoxicating liquor, to wit, one gill of intoxicating liquor," in violation of the provisions of the *St.* of 1855, *c.* 215.

At the foot of the complaint were the complainant's signature, and this certificate :

" Hampden, ss.   Received, subscribed and sworn to, this twenty-fourth day of March in the year of our Lord one thousand eight hundred and fifty eight.   Before said court.

" Mortimer D. Whitaker, Justice."

The defendant was tried, on appeal from the police court, in the court of common pleas in Hampden, before *Morris*, J., who signed this bill of exceptions :

" Before the jury was empanelled, the defendant objected to being tried, because the record of the police court showed that he was acquitted upon the first count of the complaint; and he claimed that there was only one count in the complaint, and therefore there was nothing to be tried in this court; but the court ruled there was a second count in the complaint, and ordered the defendant to proceed to trial.

" The defendant also objected to going to trial, because the record of the police court showed that the case was continued from the day when he was brought before the court to a further day, and did not show that the defendant recognized to appear upon the day to which the .complaint was continued, or was present on the day to which it was continued, or appeared by himself or his counsel or in any manner; but the court over- ruled this objection.

Commonwealth *v.* Dillane.

" The defendant further objected, and moved that the complaint be dismissed and quashed, because the papers sent up and the complaint and jurat did not show that the complainant subscribed or swore to the complaint; also because neither the records nor any of the papers showed, nor was any proof adduced, that the complainant was examined on oath in the court below, in the presence of the party charged, as required by the revised statutes. The court overruled these objections and motion.

" Upon the trial, it became a question whether or not the sale testified to by witnesses under the second count was the sale of which the defendant was convicted in the police court. The defendant requested the court to rule that no presumption existed that the offence tried in the court of common pleas was the one of which the defendant was convicted in the court below. The court ruled that no such presumption existed unless the offence proved and that described in the complaint corresponded; but if they did correspond, and no other transaction was proved, then there was a presumption from which the jury might infer that they were the same.

" The defendant further asked the court to rule that, as the record of the police court showed that the defendant was convicted of a sale on the 2d of January 1858, the case was not sustained in the court of common pleas by evidence of a sale to the witness in January 1857; but the court ruled otherwise.

" The defendant further requested the court to rule that the record of the police court was the only evidence, that could be introduced and considered by the jury, of what offence he was convicted in the police court, and on what day and year the police court found the sale was made of which the defendan was found guilty in that court. But the court ruled otherwise, and instructed them they might be satisfied from other evidence that the sale testified to in this case was the one of which the defendant was convicted in the police court.

" The defendant also asked the court to rule that, as a quantity was alleged in the complaint, the government must prove

the quantity was sold as alleged.    The court ruled that the quantity need not to be proved precisely as alleged.

" The jury found the defendant guilty on the second count, and the defendant excepts to the foregoing rulings and refusals," and also to the overruling of a motion that judgment be arrested, " 1st. Because the record of the police court in this case shows an entire acquittal of all matters charged therein.    2d. Because the complaint is bad for duplicity.    3d. Because the time of the offence is not charged with requisite certainty and precision. 4th. Because the record of the police court does not show that the defendant was present in any manner at the day and time of the trial in said court.    5th. Because the record of the police court does not show that the complainant was examined on oath in presence of the party charged, as required by statute. 6th. Because the complaint is not subscribed and sworn to by the complainant.    7th. Because the record does not show, nor does it in any manner appear, that the complaint was subscribed and sworn to, as required by law, by the complainant."

*G. M. Stearns,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

Dewey, J.    1. The court of common pleas correctly held that there were two distinct offences charged in the complaint, and that the defendant might properly be put on trial on the second count.

2. The objection that the record of the police court does not show that the defendant had recognized to appear upon the day to which the complaint was continued, or specially state that he was present, cannot avail the party who has taken an appeal from the judgment of the police court, and has entered his appeal, and is now prosecuting it here.    His appearance at the court holden by adjournment, if it took place, was sufficient, and such we must assume to have been the fact, from his appeal regularly taken and certified by the police court.

3. The papers sufficiently show that the complainant subscribed and swore to the complaint.    *Commonwealth* v. *Keefe,* 7 Gray, 332.

4. It is not necessary, on the trial of a case appealed from the

police court, that it should appear by the record or otherwise that the complainant was examined on oath on the trial of the cause in the court below in the presence of the party charged. The provision of the Rev. Sts. *c.* 135, § 12, applies, so far as the complainant is concerned, to cases where he is relied upon and introduced to sustain the charges on the trial. If he is used as a witness, he must, like all other witnesses, be examined in the presence of the party charged. But a complainant may have such evidence as may justify his making a complaint, though not an eye witness to the acts alleged to have been done. In such case, the government relying upon other evidence, he need not be examined on the trial in the presence of the party accused.

5. The court correctly ruled that if the offence proved and that described in the complaint corresponded, and no other transaction was proved, there was a presumption from which the jury might infer that they were the same.

6. In the case of a complaint charging a single sale as the offence, the precise day alleged is immaterial, and proof of the offence on a different day is no legal variance. *Commonwealth* v. *Kelly*, 10 Cush. 69. *Commonwealth* v. *Dillane*, 1 Gray, 483.

7. The court properly ruled, that the government might introduce other evidence to the jury in addition to the record, for the purpose of showing more distinctly for what act or offence he was actually tried and convicted in the police court, and to satisfy the jury that the sale testified to before them was the same sale of which the defendant was convicted in the police court.

8. The quantity of liquor sold need not be proved to correspond precisely with that alleged in the complaint.

The exceptions taken are therefore overruled, as well as the motion in arrest of judgment.